William Andrew Allen                    IN THE District Court

              V

STATE OF TEXAS.                         OF Waller County TEXAS

79,356-60

June 25 2015

MOTION TO LEAVE TO File
WRIT OF MANDAMUS.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 29 2015

Abel Acosta, Clerk

To The Honorable Judge of Said Court:
        Comes Now William Andrew Allen 01637192
As Pro Se will Show This Court The following:

                        I

I Request To File a Motion To Leave, To File my
Writ of mandamus with This Court, Pursuant To T.R.A.R.
Article 72.1

                        Respectfully
                        William Andrew Allen


Executed This The 25 Day of June 2015


                        William Andrew Allen
                        C.T. TERREll unit
                        1800 Fm 655
                        Rosharon Texas 97583


08-09-12976E Through 08-09-12986E        Page 1 of 11

CAUSE No. 08-09-12976E
08-09-12986E

William Andrew Allen Pro Se
01637192.

v

Waller County District Court.
And Clerk.

IN THE Judicial District
Court of
Waller County Texas.

PLAINTIFFS ORIGIAL APPLICATION FOR WRIT
OF MANDAMUS.

To THE Honorable Judge of Said Court,

Comes Now William Andrew Allen, Relator, Pro Se In The Above-Styled And Numbered Cause of Action and files This Original Application for Writ of Mandamus, (Pursuant To Article 11.07 Section 3(C) of The Texas Code of Criminal Procedure, And would Show The Court The following:

RELATOR.
William Andrew Allen TDCJ# 01637192 Is A offender Incarcerated In The Texas Department of Criminal Justice And Is Appearing Pro Se, who can be located At CT Terrell Unit 1300 Fm 655 Rosharon Texas. 77583.

Relator has exhausted his Remedies and has No other Adequate Remedy at Law.

The Act sought To be Compelled Is Ministerial, not discretionary, In Nature (Tex CCP Art 11.07 section 3(C), Requires Respondent To Immediatelly Transmit To The Court of Criminal Appeals A Copy of The Application for Writ of Habeas Corpus, Any Answers filed, And A Certificate Reciting The date upon which That finding Was Made. If The Convicting Court decides That There Are No Issues To Be Resolved. No Copy of The Application for Writ of Habeas Corpus, Any Answers filed and A Certificate Reciting The date upon which That finding Was Made have been Transmitted To The Court of Criminal Appeals. Had Such documents been Transmitted To The Court of Criminal Appeals by Respondent As Required by Statute, Relator would have been Noticidied By The Court of Criminal Appeals.

Respondant.

Respondant Liz Pirkle, In his or her capacitys District Clerk of Waller County, Texas. Has a ministerial Duty To recive and file all Papers in a civil proceeding, and preform all other duties, imposed on the clerk, by law pursuant to Tex CCP Art 2.21, and is responsible under Tex CCP 11.07 Section 3(c) To immediztly transmit to the court of criminal Appeals, a copy of the Application for writ of Habeas Corpus, any Answers filed, and a Certificate reciting the date upon which that finding was made, is the Convicting Court desides, that there are No Issues to be resolved, Liz Pirkle District Clerk, Waller County may be served at her/his Place of Business At 836 Austin St Room 318 Hempstead Texas 77445

Convicting Court was the 155th District Court Whom 08 September 1 2008, Did Not Have subject matter or personal matter Jurisdiction over the Action of 08-09-12976 Through 08-09-12986. In that Jurisdiction was Vested to fayette County Texas on September 1 2008. leaving Waller County Texas without Jurisdiction of the 155th District Court to Hear or Try Any Action of the Relator.

Violation of Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, by failing To provide a copy of the Application for writ of Habeas Corpus, any Answers filed, and a Certificate reciting the date upon which that finding was made to the court of criminal Appeals within the time per scribed by law And within a reasonable Time from the date on which the documents were requested to be transmitted.

Writ of Habeas Corpus 11.07 was received By District Clerk on May 11 2015, and forwarded to Waller County District Attorneys office And Judge Albert M McGais Jr 506 District Court. Whom was Not the Convicting Court. Convicting Court was the 155th District Court Vested to fayette County By the Texas Legislature September 1 2008, Relator was Not Arrested until September 4 2008 and was Not Indicted until September 18 2008.

Government Code of Texas 24.254. That on the first Monday In february and September. The 155th District Court was Vested To fayette County Texas.

Request, for the transmittal of this Application for writ of Habeas Corpus, any Answers filed And a Certificate reciting the date upon which that finding was made were made By Relator To District Clerk Liz Pirkle on May 13 2015 By US mail from Ellis unit 1697 FM 980 Huntsville Texas 77343 Pursuant To Article 11.07 Section 3(c) of the Code of Criminal Procedure Copys of this Letter are Available.

only response is from 506th District Judge Albert M McCaig Copy of Letter to the Court of Criminal Appeals stating that Relator has submitted 11 more supplementation to his writ of Habeas Corpus. Relator has not submitted a supplement but filed a writ of Habeas Corpus on Newly Discovered evidence in obedience with Chapter 4 of C.C.P. 11.07. This evidence was presented to the Relator by Waller County District Clerk stating that Waller County never had Jurisdiction of the 155th District Court at Relators Arrest or indictment which renders any conviction by the 155th District Court Null and Void.

To Date, Relator has received no other response from the Respondent regarding Relators request for transmittal of a copy of the Application for writ of Habeas Corpus, Any Answers filed and a certificate reciting the Date upon which that finding was made to the Court of Criminal Appeals.

As a clear form Relators letters and Relator has Repeatedly put Respondent on notice" Not only this writ 08-09-12976E - 08-09-12986E But also writ 08-09-12976D - 08-09-12986D which Relator never did get a Answer to. Relator seeks the transmittal of a copy of the Application for writ of Habeas Corpus, And Any Answers filed, And a certificate reciting the dates upon which that finding was made to the Court of Criminal Appeals and that such records are Required by the Court of Criminal Appeals to Act on Relators writ of Habeas Corpus. Relator has gone well beyond Any Requirement or obligations imposed upon him By the Texas Code of Criminal procedure. In contrast to Relators efforts. Respondent has wolly failed to comply with the Texas Code of Criminal procedure 11.07 section 3© And section 4. Newly Discovered Evidence. And is acting in Bad faith, And has also failed to afford to Relator the professional and common courtesy of Any written responses to his correspondence and requests.

Article 11.07 Section 3© clearly states that "[if the convicting courts decide's that there are no such issues, the clerk shall immediately transmits (emphasis added) to the Court of Criminal Appeals a copy of the Application, Any Answers filed, and a certificate reciting the Date upon which that finding was made. failure of the court to act within the allowed 20 days shall constitute such a finding. Respondent is in violation of this procedure, ministerial duty, and thus the laws of the State of Texas.

On June 8 2015
506th Judicial District Court.
Albert M. McCaig Jr. Judge.

Sent to the Court of Criminal Appeals a letter of Writ Numbers 08-09-12976E Through 08-09-12986E.

And a like letter Dated May 5 2015, In both These letters The Honorable Judge states the The Writ of Habeas Corpus Is A Supplement To The original Writ of Habeas Corpus: 08-09-12976D Through 08-09-12986D.

Writ Number 08-09-12976D Through 08-09-12986D Was a Writ of Newly Discovered Evidence, Under Chapter 4 of The Texas Code of Criminal procedure.

Writ Number 08-09-12976E Through 08-09-12986E Is A Writ of Newly Discovered Evidence.

Neither of These Writs Are A Supplement.

Defendant Relator petitioner Was Arrested on September 4th 2008. Was Indicted on September 18 2008 By The Grand Jury In And For The County of Waller And The State of Texas for The 155th District Court In The June Term.

Vernons Ann Texas Government Code 24.254.
(a) The Terms of The 155th District Court begin:
(2) In Fayette County on The first Mondays In February and September.
(3) In Waller County on the First Monday In January and June.

By The Texas State Legislature Waller County Texas Lost All Jurisdiction of The 155th District Court on September 1 2008, Jurisdiction Was Vested To Fayette County Texas.

Tex 1943 The "Jurisdiction" of Courts consists of Two fundamental Classifications "Jurisdiction of The Subject Matter" which exists by operation of law only, And Cannot be Conferred upon Any Court by Consent or waiver, And "Jurisdiction of The person" Which can be Conferred by Consent or waiver, Federal underwriters V Pugh 174 SW2d 598. 141 Tex 539 Conformed To 176 SW2d 761.

Vernon Ann Texas Constitution Article 5 §12b.
Filing of Indictment is essential to vest Trial Court with
Jurisdiction over felony offense; Jurisdiction vests only upon
filing of valid Indictment in the Appropriate Court. Cook
V State (Crim App 1995) 902 Sw2d 471

On September 18 2008 There was No Jurisdiction of the 155th
District Court In Waller County, on September 1 2008 Juris-
diction was Vested To Fayette County Leaving Waller County Grand
Jury without Jurisdiction To Hand Down A Valid Indictment, The
June Term for Waller County And The 155th District Court
Ran from June The First Monday To The 31 Day of August 2008.

Criminal Law "Void Conviction" Should be defined As Those In Which
The Trial Court lacked Jurisdiction over The Person or Subject
matter or In which The Trial Judge lacked Qualification To
Act In Any manner.

A Court which has both Subject matter and personal Jurisdiction
over a given case or Controversy, But which preforms an action
outside of Any legal or Judicial Authority, Acts beyond The Scope
of The Law, And That ULTRA VIRES Act Cannot be RECOGNIZED
As A Valid Judicial Act.

A writ of Habeas Corpus is Available only for Relief from Jurisd-
ictional defects and Violation of Constitutional Rights
Ex Parte McCain 67 Sw3d 204 (2002)

A fundamentally defective Indictment will Not provide Trial
court with Jurisdiction, And for That Reason Any Conviction
preported ly based on it is Void. (Tex Crim App 1981) Reason
V State 618 Sw2d 54

Subject matter Jurisdiction, In both Criminal and Civil matters
is fundamental, Can be Raised At Any Time, And Cannot be
waived or Conferred by Agreement Ex Parte Rodgers 820
Sw2d 35 Olivo V State 918 Sw2d 519 In Criminal Case's, As
opposed To Civil Case's, Jurisdiction cannot be substantially
Invoked: It Either Attaches or it does not.

Drew V State 765 Sw2d 533. (Tex App - Austin 1989) where Court lacks
Jurisdiction over Criminal Cases, it Should proceed No further
Than disssmissing Cause for want of power To hear And deter-
mine Controversy.
Any order or decree obtained In a Criminal Action, other Than
one of Dismissal, by Trial Court which lacks Jurisdiction
Is Void. 808 Sw2d 451

Article 11.07 Section 4, clearly states that if a subsequent Application for Writ of Habeas Corpus is filed after final disposition of an Initial Application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent Application unless the Application contains sufficient specific facts establishing that.

(1) The current claims and issues have not been and could not have been presented previously in an original Application or in a previously considered Application file under this Article because the factual or legal basis for the claim was unavailble on the date the Application fils the previous Application

Relator was not Notified of Jurisdiction until Feburuy 2015. By Waller County District Clerk. Relator had no other way of knowing about Jurisdiction until District Clerk Notified Him of issues of Jurisdiction Including Relators Trial Attorney Calvin Garvie whom should of notified not only Relator but also the Judge of the Courto

### Prayer for Relief.

Wherefore, Premises Considered Relator William Andrew Allen pro se, Respectfully Requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this Litigatation in good faith and has subtantially prevailed. Relator prays for an order directing Respondent to transmitt copy of the Application for writ of Habeas Corpus, and any answers filed, and a Certificate reciting the dates upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) and Chapter 4. of the Texas Code of Criminal procedure and as requested in Relators letters.

PRIOR TO JANUARY 1 2014.

VERNONS ANN TEXAS Government Code 24.254.

(a) The TERM of The 155TH District Court began:

(1) In Austin County on The First Monday In April and November:

(2) In Fayette County on The First Monday In February and September:

(3) In Waller County on The First Monday In January and June:

VERNON ANN TEXAS Government Code 24.309. Jurisdiction Each Court listed In This Subchapter has The Jurisdiction PROVIDED by The Constitution And The General Laws of The State for District Courts.

The Waller County Clerks office Notified me of This Code That Shows Jurisdiction, And That Waller County Did Not Have Jurisdiction of The 155TH District Court When Indictments WERE Handed Down. 11 Invalid Ind- retments WERE Handed Down on September 18 2008 In That Grand Jury In And For Waller County And The 155TH District Courts. On September 18, 2008 Jurisdiction of The 155TH District Court WAS Vested To Fayette County By The TEXAS Legislature. TEXAS Statute And The Constitution of The State of TEXAS. WALLER County And The Waller County Grand Jury WAS Without Any Jurisdiction To HEAR OR Try Any CAUSE of William Andrew Allen. The 506TH District Court Can Not Take Over CAUSES That The 155TH District Court NEVER HAD Jurisdiction of.

Exhibit B

Liz Pirkle
District Clerk

Waller County

8136 Austin St Rm 318
Hempstead Texas 77445
979/826 735
FAX: 979/826 7738

June 25 2015

February 24 2015

William Andrew Allen, #01637192
Ellis unit
1697 Fmm 980
Huntsville Texas 77343

RE: Cause No. 08-09-12976D Through 08-09-12986D

Dear Mr Allen,

This is in response to your letter executed February 11 2015, I have provided a copy of the Bill of Legistature of the state of Texas, I hope this will answer some if not all of your questions, If you have any further questions I will be happy to assist you.

Sincerely,

Adelaida Lopez
Deputy District Clerk

This is a hand written copy of letter from District Clerk of Waller County February 24 2015. I am not permitted to copy any material at the Texas Department of Criminal Justics.

Respectfully
William Andrew Allen

Page 9~0811

83R7228 RWD

By: Bell

Exhibit C

H.B. No. 1248

## A BILL TO BE ENTITLED
## AN ACT

Relating to the composition of the 155th Judicial District.
BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
Section 1. Section 24.254, Government Code, is amended to read as follows:
SEC. 24.254. 155TH JUDICIAL DISTRICT (AUSTIN AND [-] FAYETTE AND WALLER] COUNTIES). (a) The 155th Judicial District is composed of Austin and [-] Fayette [, and Waller] Counties.

[b] [The Terms of the 155th District Court begins in Austin County on the first Monday in April and November;

(2) In Fayette County on the first Monday in February and September; and

(3) In Waller County on the first Monday in January and June]

[c] The Sheriff of each county or the Sheriff's deputy shall attend the court as required by law or by the judge.
Section 2. (a) The local administrative district judge shall transfer to the 506th District Court all cases from Waller County that are pending in the 155th District Court on the effective date of this Act.

(b) When a case is transferred as provided by Subsection (a) of this section:

(1) All processes, writs, bonds, recognizances, or other obligations issued from the 155th District Court are returnable to the 506th District Court as if originally issued by that court; and

(2) The obligees on all bonds and recognizances taken in and for the 155th District Court and all witnesses summoned to appear in the 155th District Court are required to appear before the 506th District Court as if originally required to appear before that court.

Section 3. This Act [test] takes [places] effect January 1, 2014.

Certificate of Service.

I William Andrew Allen Certify that on June 25 2015
I personally mailed To Court of Criminal Appeals
A True and Correct Copy of under Lying Statement of
Motion for Writ of Mandamus At Po Box 12308
Capitol Station Austin Texas 78711

Copy To                    And Also A True And Correct

Waller County District Clerk    836 Austin
St. Room 318. Hempstead Texas 77445    By
Us mial At The CT Terrell Unit    1300 Fm 655
Rosharon Texas 77583.

Inmates Declaration

I William Andrew Allen Am The Applicant And
being pessently Incarcerated In C.T. Terrell Unit.
1300 Fm 655 Rosharon Texas 77583. declare under
pontalty of perjurey That, according To my beliefs
The facts stated in The Above Application ARE TRUE
And Correct.

William Andrew Allen
Sign on June 25 2015

Executed on This The 25 Day of June 2015.